# State of Rhode Island and Providence Plantations

SUPERIOR COURT

[x] PROVIDENCE /BRISTOL [ ] KENT [ ] WASHINGTON [ ] NEWPORT

Pitko, Inc.

Plaintiff

vs

WorldPay, LTD and WorldPay, Inc.

Defendant

CIVIL ACTION, FILE No. ....................

***Summons***

*To the above-named Defendant:* WorldPay, Inc.

The above-named Plaintiff has brought an action against you in said superior court in the county indicated above. You are hereby summoned and required to serve upon Mark A. Fay Plaintiff's attorney, whose address is 127 Dorrance Street Providence, RI 02903 an answer to the complaint which is herewith served upon you within 20 days after service of this summons upon you, exclusive of the day of service.

If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. Your answer must also be filed with the court.

As provided in Rule 13(a) unless the relief demanded in the complaint is for damage arising out of your ownership, maintenance, operation or control of a motor vehicle, or unless otherwise provided in Rule 13(a), your answer must state as a counterclaim any related claim which you may have against the Plaintiff, or you will thereafter be barred from making such claim in any other action.

CLERK

Dated: September 7, 2006

**(Seal of the Superior Court)**

STATE OF RHODE ISLAND
PROVIDENCE, SC.

SUPERIOR COURT

PITKO, INC.,

VS

C.A. NO.: 06-4737

WORLDPAY, LTD and
WORLDPAY, INC.

**COMPLAINT**

**I. INTRODUCTION**

1. Pitko, Inc. offers research, design, and educational consulting services to clients and operates several web sites, including www.designservicesprovider.com, www.educationservicesprovider.com, and www.researchservicesprovider.com, through which it solicits prospective clients. In July, 2004, Pitko, Inc. entered into a credit card processing services agreement (the Agreement) with WorldPay, LTD and WorldPay, Inc. (Collectively hereinafter referred to as "WorldPay") Pitko, Inc. performed without complaint under the agreement until May, 2005, when WorldPay informed Pitko, Inc. that it was terminating the card processing services agreement for cause. WorldPay lacked reasonable grounds for terminating Pitko, Inc. with cause and has caused substantial damage to Pitko, Inc. which has been forced to pay increased processing fees because WorldPay wrongfully publicized its termination of Pitko, Inc. to third parties. In this action, Pitko, Inc. seeks to recover all direct and consequential damages incurred as a direct consequence of WorldPay's wrongful actions and disparagement.

28 a-8-06

## II. PARTIES

2. Plaintiff, Pitko, Inc., is a corporation incorporated under the laws of the State of Delaware and maintains its registered United States office in the State of Delaware.

3. Defendant, WorldPay, LTD, is a corporation organized under the laws of the United Kingdom and maintains its principal place of business in London, England.

4. Defendant, WorldPay, Inc., is a corporation incorporated under the laws of the State of Virginia and maintains its registered United States office in the State of Virginia.

## III. JURISDICTION AND VENUE

5. The Court has jurisdiction over this matter and venue is proper in this Court as the parties agreed that any dispute between them would be resolved in a State Court in the State of Rhode Island.

## IV. FACTUAL ALLEGATIONS

6. Pitko, Inc. operates several Web sites, including www.designservicesprovider.com, www.educationservicesprovider.com, and www.reasearchservicesprovider.com. Customers often pay for services provided by Pitko, Inc. by credit card. In order to accommodate these clients, Pitko, Inc. requires a

credit card processor to process each credit card transaction. A credit card processor is responsible for collecting funds from the banks which issue credit cards to consumers and is obligated to pay those funds to its merchant clients less and agreed transaction fee.

7. In July, 2004, Pitko, Inc. entered into a credit card processing services agreement with WorldPay (the Agreement). Pitko, Inc. performed without complaint under the Agreement until May, 2005 when WorldPay abruptly informed Pitko, Inc. that it was terminating the card processing services agreement. Pitko, Inc. responded to the termination by disputing the alleged grounds for termination and requesting that WorldPay reconsider its decision, but WorldPay refused to do so. WorldPay at no time provided Pitko, Inc. with an opportunity to respond to the alleged grounds for termination prior to the termination and was at no time informed that the termination would be for cause.

8. In or about May, 2005, WorldPay advised certain credit card associations that it had terminated its credit card processing agreement with Pitko, Inc. for cause. WorldPay knew that this disclosure would cause Pitko, Inc. to be placed on one or more terminated merchant list available to other credit card processing companies and financial institutions and that these companies would rely on the information reported by WorldPay in their evaluation of the financial risk posed by Pitko, Inc. when it applied for credit card processing services. WorldPay further knew that placing Pitko, Inc. on the terminated merchant file lists would cause other credit card processing companies and financial institutions either to refuse services to Pitki, Inc. or to charge Pitko, Inc.

substantially higher fees than they would charge Pitko, Inc. if it had not been placed on the lists.

9. Following its placement on the terminated merchant file lists, Pitko, Inc. received notice from the credit card processing company which replaced WorldPay that its fees and rates would be increased to reflect Pitko's placement on the terminated merchant file lists. Pitko, Inc., responded to this information by contacting WorldPay to demand that WorldPay remove Pitko, Inc. from the terminated merchant file lists. WorldPay refused to take any action to remedy its misconduct which has left Pitko, Inc. with no alternative but to file suit against WorldPay.

10. Pitko, Inc. has been forced to pay increased fees and costs which it would not otherwise have had to pay but for its wrongful placement on the terminated merchant file lists by WorldPay and has suffered other consequential damages.

## V. CLAIMS FOR RELIEF

11. Pitko, Inc. incorporates the allegations in paragraphs 1 through 10 above in each of the counts alleged below.

**COUNT ONE**
**(BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

12. WorldPay, by their individual and concerted acts and/ or omissions, including but not limited to those alleged herein, acted in bad faith and/ or otherwise used discretion conferred by contract to act dishonestly, arbitrarily, capriciously and/ or commercially unreasonably in order to deprive Pitko, Inc. of the benefit of the Agreement, in violation of the implied covenant of good faith and fair dealing, thereby causing Pitko, Inc. to sustain damages.

**WHEREFORE,** Plaintiff, Pitko, Inc., demands judgment against Defendants, WorldPay, LTD and WorldPay, Inc., jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs and whatever further relief this Court deems appropriate. Plaintiff also prays for and Order ordering WorldPay to remove Pitko, Inc. from the Terminated Merchant Files.

**COUNT TWO**
**(TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS- THE AGREEMENT)**

13. WorldPay, by their individual and concerted acts and/ or omissions, including but not limited to those alleged herein, wrongfully interfered with performance by the parties under the Agreement, thereby causing Pitko, Inc. to sustain damages as aforesaid.

**WHEREFORE,** Plaintiff, Pitko, Inc., demands judgment against Defendants, WorldPay, LTD and WorldPay, Inc., jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs and whatever further relief this Court deems appropriate. Plaintiff also prays for and Order ordering WorldPay to remove Pitko, Inc. from the Terminated Merchant Files.

**COUNT THREE**
**(BREACH OF CONTRACT)**

14. WorldPay, by their individual and concerted acts and/ or omissions, including but not limited to those alleged herein, breached the Agreement, thereby causing Pitko, Inc. to sustain damages as aforesaid.

**WHEREFORE,** Plaintiff, Pitko, Inc., demands judgment against Defendants, WorldPay, LTD and WorldPay, Inc., jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs and whatever further relief this Court deems appropriate. Plaintiff also prays for and Order ordering WorldPay to remove Pitko, Inc. from the Terminated Merchant Files.

**COUNT FOUR**
**(LIBEL)**

15. By causing Pitko, Inc. to be listed on terminated merchant files, WorldPay has disparaged and libeled Pitko, Inc. WorldPay at all times knew or should have known that it had no justification or basis for terminating Pitko, Inc. with cause and intended that its

publication of Pitko, Inc. on the terminated merchant file list to cause harm and damage to Pitko, Inc. Alternatively, at all times, Pitko, Inc. acted in reckless disregard to the truth. By its acts and omissions, WorldPay has caused Pitko, Inc. to suffer damages.

**WHEREFORE,** Plaintiff, Pitko, Inc., demands judgment against Defendants, WorldPay, LTD and WorldPay, Inc., jointly and severally, in a monetary amount sufficient to satisfy the jurisdiction of the Superior Court, plus interest and costs and whatever further relief this Court deems appropriate. Plaintiff also prays for and Order ordering WorldPay to remove Pitko, Inc. from the Terminated Merchant Files.

**Plaintiff hereby demands a trial by jury and designates Mark A. Fay, Esquire, Mark A. Cunningham, Esquire and Conrad Meyer, Esquire as trial counsel.**

Respectfully submitted,

Mark A. Fay, Esquire (RI Bar #4208)
Murphy & Fay, LLP
127 Dorrance Street, 2nd Floor
Providence, RI 02902
Tel: 401-490-3200/ Fax: 401-490-3207

Mark A. Cunningham (LA Bar #24063)
Jones, Walker, Waechter, Poitevent,
Carrere, & Denegre, LLP
201 St. Charles Avenue
New Orleans, LA 70170-5100
Tel: 504-582-8536/ Fax: 504-589-8536

Conrad Meyer, Esquire (LA Bar #27574)
Jones, Walker, Waechter, Poitevent,
Carrere, & Denegre, LLP
201 St. Charles Avenue
New Orleans, LA 70170-5100
Tel: 504-582-8536/ Fax: 504-589-8536