UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| PITKO, INC., *Plaintiff*, v. WORLDPAY, LTD. and WORLDPAY, INC., *Defendants*. | C.A. No. 06- CA 06 438 T |

## ANSWER AND COUNTERCLAIMS

Defendants WorldPay, Ltd. and WorldPay, Inc., by their undersigned counsel, hereby answer Plaintiff's Complaint as follows:

## I. INTRODUCTION

1. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 1 of the Complaint relating to Pitko's business and websites. Defendants admit the allegations contained in the second sentence of Paragraph 1 of the Complaint insofar as they allege the existence of an agreement with Pitko, which agreement speaks for itself and constitutes the best evidence of its terms. Defendants deny the remaining allegations of Paragraph 1 of the Complaint, and expressly aver that, among other things: (i) the agreement was terminated for cause, (ii) Defendants' termination was appropriate and justified in accordance with the plain terms of the agreement and based upon Pitko's conduct, (iii) and Defendants complained to Pitko on a number of occasions regarding its performance under the agreement. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 1 of the Complaint.

## II. PARTIES

2. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 2 of the Complaint.

3. Defendants admit the allegations contained in Paragraph 3 of the Complaint, but aver that the principal place of business for Worldpay Ltd. is Cambridge, England.

4. Defendants admit the allegations contained in Paragraph 4 of the Complaint.

## III. JURISDICTION AND VENUE

5. Defendants deny the allegations contained in Paragraph 5 of the Complaint.

## IV. FACTUAL ALLEGATIONS

6. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6 of the Complaint.

7. Defendants admit the allegations contained in Paragraph 7 of the Complaint insofar as they allege the existence of an agreement with Pitko. That agreement speaks for itself and constitutes the best evidence of its terms. Except expressly admitted herein, Defendants deny the allegations contained in Paragraph 7 of the Complaint and expressly aver that, among other things: (i) the agreement was terminated for cause, (ii) Defendants' termination was appropriate and justified in accordance with the plain terms of the agreement and based upon Pitko's conduct, (iii) and Defendants complained to Pitko on a number of occasions regarding its performance under the agreement.

8. Defendants admit the allegations contained in Paragraph 8 of the Complaint insofar as they allege that Pitko was reported as a terminated merchant in accordance with the agreement and with Card Association Rules and Procedures, and that Defendants knew - and Pitko expressly acknowledged and agreed - that this information would be made known to

certain credit card processing companies and financial institutions. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 8 of the Complaint.

9. Defendants admit the allegations contained in Paragraph 9 of the Complaint insofar as they allege that Pitko made certain demands upon Defendants. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 9 of the Complaint.

10. Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 of the Complaint regarding Pitko's alleged increased fees and costs, except Defendants deny that such fees and costs were the result of any improper conduct by Defendants. Except as expressly admitted herein, Defendants deny the allegations contained in Paragraph 10 of the Complaint.

## V. PRAYERS FOR RELIEF

11. Defendants incorporate by reference their responses to Paragraphs 1 through and including 10 as if fully set forth herein.

### COUNT ONE
### (BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)

12. Defendants deny the allegations contained in Paragraph 12 of the Complaint.

### COUNT TWO
### (TORTIOUS INTERFERENCE WITH CONTRACTUAL RELATIONS – THE AGREEMENT)

13. Defendants deny the allegations contained in Paragraph 13 of the Complaint.

### COUNT THREE
### (BREACH OF CONTRACT)

14. Defendants deny the allegations contained in Paragraph 14 of the Complaint.

### COUNT FOUR
### (LIBEL)

15. Defendants deny the allegations contained in Paragraph 15 of the Complaint.

WHEREFORE, Defendants hereby demand that Plaintiff's Complaint be dismissed and that Defendants be awarded their costs and expenses of this suit, including their attorneys' fees pursuant to the agreement between the parties and R.I. Gen. Laws § 9-1-45.

**FIRST AFFIRMATIVE DEFENSE**

Plaintiff's Complaint fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by its prior material breaches of the parties' agreement.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of waiver.

**FOURTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of laches.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of estoppel.

**SIXTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the doctrine of unclean hands.

**SEVENTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff alleges that it has suffered damage – which Defendants deny – Plaintiff has failed to mitigate its alleged damages.

**EIGHTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff alleges that it has suffered damage – which Defendants deny – such damage was caused by Plaintiff or by third parties over which Defendants have no control.

**NINTH AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred by the parties' agreement.

## TENTH AFFIRMATIVE DEFENSE

The statements allegedly made by Defendants were true.

## ELEVENTH AFFIRMATIVE DEFENSE

The statements allegedly made by Defendants were privileged and/or authorized by Plaintiff.

## COUNTERCLAIMS

Counterclaimants WorldPay, Inc. and WorldPay, Ltd., for their Counterclaims against Plaintiff, hereby allege as follows:

## I. PARTIES

1. WorldPay, Inc. is a Virginia corporation with a principal place of business in Virginia.

2. WorldPay, Ltd. is a United Kingdom corporation with a principal place of business in Cambridge, England.

3. Counterclaim Defendant Pitko, Inc. ("Pitko") is a Delaware corporation with a registered United States office in Delaware.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

5. Venue is proper in this district pursuant to the parties' contractual agreement that all disputes arising out of their respective contractual obligations would be resolved in this district.

## III. FACTS

6. WorldPay, Inc., WorldPay, Ltd. (collectively, "WorldPay"), and Pitko entered into a so-called "Merchant Agreement" in or around July, 2004.

7. Pursuant to the Merchant Agreement, WorldPay agreed to provide certain credit card processing services to Pitko.

8. In return for these services, Pitko agreed, *inter alia*, to pay WorldPay certain processing fees in the manner and amount set forth in the Merchant Agreement.

9. The initial term of the Merchant Agreement was for one year, commencing in July, 2004.

10. At the expiration of the initial term, the Merchant Agreement automatically renewed for successive one year periods unless the Merchant Agreement was terminated earlier pursuant to the Merchant Agreement.

11. The Merchant Agreement contained an exclusivity provision pursuant to which Pitko agreed that during the term of the Merchant Agreement, Pitko would not use the services of any bank, processor, corporation, entity or person other than WorldPay and Citizens Bank of Rhode Island for presentation of on-line or Internet based payment processing.

12. During the term of the Merchant Agreement, Pitko used another payment processor for Pitko's on-line and Internet based payment processing.

## COUNT I
## (BREACH OF CONTRACT)

13. WorldPay incorporates the allegations contained in Paragraphs 1 through and including 12 of this Counterclaim as if fully set forth herein.

14. Pursuant to the Merchant Agreement, Pitko agreed to use WorldPay exclusively for its on-line and Internet based payment processing.

15. Pitko breached its obligations to WorldPay by using another payment processor for Pitko's on-line and Internet based payment processing.

16. As a result of the foregoing, WorldPay has been deprived of the fruits of the Merchant Agreement including, *inter alia*, the fees that WorldPay would have collected from transactions Pitko would have processed through WorldPay had Pitko not breached its exclusivity obligations.

WHEREFORE, WorldPay hereby demands judgment against Pitko for all damages, costs, and expenses on Count I of this Counterclaim. Also, pursuant to R.I. Gen. Laws § 9-1-45 and the Merchant Agreement, WorldPay seeks an award of its attorneys' fees.

**COUNT II**
**(BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING)**

17. WorldPay incorporates the allegations contained in Paragraphs 1 through and including 16 of this Counterclaim as if fully set forth herein.

18. Implied within the Merchant Agreement is Pitko's obligation to deal with WorldPay fairly and in good faith.

19. Pitko's conduct by surreptitiously breaching its obligations to exclusively use WorldPay's services was arbitrary, unreasonable and not in good faith.

20. As a result of the foregoing, WorldPay has suffered substantial damage, cost and expense.

WHEREFORE, WorldPay hereby demands judgment against Pitko for all damages, costs, and expenses on Count II of this Counterclaim. Also, pursuant to R.I. Gen. Laws § 9-1-45 and the Merchant Agreement, WorldPay seeks an award of its attorneys' fees.

October 4, 2006

**WORLDPAY, LTD. and**
**WORLDPAY, INC.**

By their Attorneys,

William M. Dolan III (#4524)
Brian J. Lamoureux (#6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401 276 2600
401 276 2601 Facsimile

**CERTIFICATION**

I hereby certify that on October 4, 2006 I caused this document to be sent via facsimile and first class mail, postage prepaid, to:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
2nd Floor
Providence, RI 02902

Mark A. Cunningham, Esq.
Conrad Meyer, Esq.
Jones, Walker, Waechter, Poitevent,
Carrere, & Denegre, LLP
201 St. Charles Avenue
New Orleans, LA 70170-5100

Brian J. Lamoureux

# 50224499 v5 - LAMOURBJ - 026357/0001