UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| PITKO, INC., *Plaintiff*, | ) | |
| v. | ) | C.A. No. 2006-438 T |
| WORLDPAY, LTD. and WORLDPAY, INC., *Defendants*. | ) | |

**MOTION TO REMAND**

Plaintiff Pitko, Inc. (hereinafter "Pitko") hereby moves that the instant Action be remanded to the Rhode Island Superior Court pursuant to 28 U.S.C.A. §1447(c). Defendants Worldpay, Ltd. and Worldpay, Inc., (hereinafter collectively referred to as "Worldpay") filed a Notice of Removal on October 4, 2006. As grounds for this motion, Pitko argues that Worldpay waived their rights to remove the above-entitled action to this Honorable Court by way of a Forum Selection Clause contained within a contract between Pitko and the Worldpay.

In support thereof, Pitko relies upon the arguments outlined in the attached Memorandum of Law and any oral arguments which may be adduced at hearing.

Plaintiffs,
By their Attorney:

/s/ Mark A. Fay
Mark A. Fay (Bar #4208)
Murphy & Fay, LLP
127 Dorrance Street
Providence, RI 02903
401-490-3200
401-490-3207 (fax)
mark@murphyandfay.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

William M. Dolan III (Bar #4524)
Brian J. Lamoureux (Bar #6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903

/s/ Mark A. Fay
Mark A. Fay

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PITKO, INC., *Plaintiff,* | ) | |
| v. | ) | C.A. No. 2006-438 T |
| WORLDPAY, LTD. and WORLDPAY, INC., *Defendants.* | ) | |

**PLAINTIFF'S MEMORANDUM OF LAW**
**IN SUPPORT OF ITS MOTION TO REMAND**

**Introduction**

Now comes Plaintiff Pitko, Inc. (hereinafter "Pitko") and respectfully submits this Memorandum in Support of its Motion to Remand the above entitled matter from United States District Court for the District of Rhode Island to the Superior Court of Rhode Island, Providence County.

This matter was originally filed by Pitko in the Superior Court of Rhode Island, however it was removed to the United States District Court for the District of Rhode Island by WorldPay, LTD. and WorldPay, Inc. (collectively hereinafter referred to as "WorldPay"). WorldPay removed this action pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. However, such removal was improper, as venue and personal jurisdiction, with respect to the contract at issue in this matter, are governed by a forum selection clause

contained within such contract. Consistent with said forum selection clause and Rhode Island law, Pitko now seeks to remand the instant action to the Superior Court of Rhode Island, Providence County.

**Facts and Procedural History**

In July 2004, Pitko entered into a credit card processing services agreement (hereinafter the "Agreement") with WorldPay. Pitko performed without complaint under the Agreement until May 2005, when WorldPay informed Pitko that it was terminating the Agreement for cause. On September 8, 2006, following WorldPay's termination of the Agreement, Pitko filed a complaint captioned Pitko, Inc. v. WorldPay, Ltd. And WorldPay, Inc., C.A. No. 06-4737 (the "Action") against WorldPay in the Superior Court of Rhode Island, Providence County (hereinafter the "Complaint").

On October 4, 2006, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, WorldPay filed a Notice of Removal from the Superior Court of Rhode Island, Providence County, to the United States District Court for the District of Rhode Island. After the filing of the Notice of Removal, the Action was removed to the United States District Court for the District of Rhode Island. Pursuant to the Forum Selection Clause contained in the Agreement, Pitko now seeks to have the Action remanded to the Superior Court of Rhode Island, Providence County.

## Argument

**I. The Agreement between Pitko and WorldPay gives Pitko the right to select state court as the forum for this litigation because both Pitko and WorldPay consented to personal jurisdiction and venue in Providence County, Rhode Island.**

WorldPay, in their Notice of Removal, asserted said right under 28 U.S.C. §§1332, 1441, and 1446; however under the Agreement, Section X established the governing law[1] and venue for disputes arising between the parties under the Agreement. (See Merchant Agreement, attached hereto as Exhibit 1.) Specifically, Section 10.2 provides that:

> "Section 10.2. *Rhode Island*; *Jurisdiction and Venue*. Any action brought by WorldPay or the Bank against the Merchant or by the Merchant against WorldPay or the Bank shall be brought exclusively in the state or federal courts in Providence County, Rhode Island and *the Merchant and all individuals executing this Agreement in any capacity hereby consent to personal jurisdiction in Rhode Island, venue in Rhode Island, and the jurisdiction of the state or federal courts in Providence County, Rhode Island* with respect to any and all disputes of any type or kind between either WorldPay or the Bank and the Merchant or arising under or relating to this Agreement." (emphasis added)

The above forum selection clause make it clear that Pitko, as a party to the Agreement and asserting claims under the Agreement, enjoyed the right to bring suit in Rhode Island Superior Court. Section 10.2 provides that both the Pitko and WorldPay consent to personal jurisdiction and venue for either state or federal court in Providence County, Rhode Island. By including this forum selection clause in their Agreement both Pitko and WorldPay consented to personal jurisdiction in either state or federal court in Providence County, allowing suit to be brought in either forum. By consenting to

---

[1] Section X of the Agreement establishes that the laws of the state of Rhode Island shall be the governing law. See Exhibit 1 ("*Section 10.1 Governing Law*. This Agreement shall be governed by the and construed in accordance with the internal laws of the State of Rhode Island, exclusive of conflicts of law provisions.")

jurisdiction in the Agreement, WorldPay effectively waived its right to removal based upon diversity.

Notably, this exact type of removal scenario was present in Koninklijke Philips Electronics, Inc. v. Digital Works, Inc., 358 F.Supp.2d 328, S.D.N.Y., 2005. In Koninklijke, the central question surrounding both parties' motions was whether the forum selection clause provided for in the relevant agreement was valid. The Court noted that when deciding diversity cases in Federal Court (as is the case with the current removal action against WorldPay), the validity of a contractual forum selection clause is determined by federal, not state law. See Jones v. Weibrecht, 901 F.2d 17, 19 (2d Cir. 1990) (because questions of "the enforcement of forum selection clauses are essentially procedural, rather than substantive in nature," federal law applies in diversity cases).

The Court in Koninklijke, began its analysis with reference to M/S Bremen v. Zapata Off-Shore Co., which held that a contractual forum selection clause should be enforced "unless it is clearly shown that enforcement would be *unreasonable and unjust* or that the clause was obtained through fraud or overreaching." Jones, 901 F.2d at 18 (citing M/S Bremen, 407 U.S. 1, 15 (1972).). In Koninklijke, the plaintiff Koninklijke, a Dutch corporation having an office and principal place of business in The Netherlands, entered into a licensing agreement with the defendant, Digital Works, a Nevada corporation with an office and principal place of business in Nevada.

The agreement in Koninklijke, breach of which became the underlying cause of action, contained a forum selection clause similar to the forum selection clause in the Agreement between Pitko and WorldPay[2]. The Court in Koninklijke, ruled that the

---

[2] "Any disputes between the parties hereto in connection with this Agreement (including any question regarding its existence, validity or termination) *shall be submitted to any state or federal courts in The*

defendant surrendered its right to seek removal by acceptance of the forum selection clause provided for in the agreement, which afforded the plaintiff the option of selecting the forum (New York) to litigate the dispute. In addition, the Court concluded as a matter of law that the forum selection clause provided for in the agreement was reasonable and should be enforced.

Therefore, under the terms of the agreement, the plaintiff was entitled to bring this action in any state or federal court within the state of New York. The defendant in Koninklijke, then further argued that New York did not have personal jurisdiction over it, however the Court concluded that the defendant irrevocably waived its right to challenge personal jurisdiction and venue when it voluntarily consented and agreed to the forum selection clause in the agreement.

As noted above, the forum selection clause in Koninklijke is almost identical to the forum selection clause between Pitko and WorldPay. The Agreement called for either party to select a state or federal court in Providence County, Rhode Island as venue for any and all disputes. WorldPay and Pitko consented to personal jurisdiction and venue in Rhode Island and to litigate in state or federal court in Providence County, Rhode Island. Therefore, Pitko properly brought the claim in state court and WorldPay's removal based on diversity jurisdiction is without merit.

---

*State of New York,* provided always that, *in case Philips is the plaintiff, Philips may at its sole discretion submit any such dispute* either to the state or federal courts in the venue of Licensee's registered office, or *to any of the state or federal courts in the Territory having jurisdiction. Licensee hereby irrevocably waives any objection to the jurisdiction, process and venue of any such court and to the effectiveness, execution and enforcement of any order or judgment (including, but not limited to, a default judgment) of any such court in relation to this Agreement,* to the maximum extent permitted by the law of any jurisdiction, the laws of which might be claimed to be applicable regarding the effectiveness, enforcement or execution of such order or judgment." Koninklijke, 358 F.Supp.2d 330, 331 (citing Agreement, Pl. Mem. Opp. Mot. Dismiss, Ex. 1A P13.06 (emphasis added).)

**II. This case should be remanded to the Superior Court of Rhode Island, Providence County, based on the forum selection clause contained in the Agreement because the Rhode Island Supreme Court has recognized that forum selection clauses are prima facie valid.**

Moreover, the Rhode Island Supreme Court has recognized that forum selection clauses are prima facie valid. Tateosian v. Celebrity Cruise Lines, Ltd., 768 A.2d 1248, 1250 (R.I. 2001). The Court noted that although forum selection clauses are prima facie valid, they are also subject to judicial scrutiny for fundamental fairness. Id. (citing Bremen, 407 U.S.1; Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 590 (1991) (forum selection clauses are subject to judicial scrutiny); see also Docksider, Ltd. V. Sea Technology, Ltd., 875 F.2d 762, 764 (9th Cir. 1989) ("The prevailing rule is clear…that where venue is specified with mandatory language the [forum selection] clause will be enforced."); Annotation, Francis M. Dougherty, J.D., Validity of Contractual Provisions Limit Place or Court In Which Action May Be Brought, 31 A.L.R.4th 404 (1984).

In Bremen, the United States Supreme Court held that forum selection clauses are "prima facie valid…" and should be upheld unless it is shown to be "unreasonable" by the resisting party under the circumstances. 407 U.S. at 10. To convince a Court that a forum selection clause should not be enforced, a resisting party bears a heavy burden of proof. Id. at 17; Tateosian, 768 A.2d at 1250. The party resisting enforcement of a forum selection clause must convince the court that "*a set of qualitative factual circumstances*" warrant denial of enforcement. D'Antuono v. CCH Computax Systems, Inc., 570 F.Supp. 708, 712 (D.R.I. 1983) (emphasis added).

In Bremen, the Supreme Court held that the key factors in finding a forum clause to be unenforceable would be evidence of "*fraud, undue influence, or overweening bargaining power*;" contravention of a "a strong public policy of the forum in which the

suit if brought;" or facts and evidence establishing that the chosen forum is seriously inconvenient for the trial of the action. 407 U.S. at 12, 15-16.

Following Zapata, the United States District Court for the District of Rhode Island has applied a nine factor test to determine whether a forum selection clause was reasonable and enforceable[3]. D'Antuono, 570 F.Supp. at 711-712. The nine factors weighed in the D'Antuono case are as follows:

1. identity of the law that governs the construction of the contract;
2. place of execution of contract;
3. place where transactions are to be performed;
4. availability of remedies in the designated forum;
5. public policy of the initial forum state;
6. location of the parties, the convenience of the prospective witnesses, and the accessibility of evidence;
7. relative bargaining power of the parties and the circumstances surrounding their dealings;
8. presence or absence of fraud, undue influence or other extenuating (or exacerbating) circumstances; and
9. the conduct of the parties. 570 F.Supp. at 711, 712.

The Court therein stated, "[w]hile each of these factors has some degree of relevance and some claim to weight, there are no hard and fast rules, no precise formulas. The totality of the circumstances, measured in the interest of justice, will and should ultimately control." Id. at 712.

As established above, the Agreement allowed for either WorldPay or Pitko to bring suit in either state of federal court in Rhode Island. Therefore, once Pitko decided to file suit in state court, its decision remains binding unless WorldPay can elaborate upon the nine factors above, and overcome the express terminology of the Agreement, to convince the Court otherwise. Given that forum selection clauses are prima facie valid

[3] The nine factor test has also been adopted by other Justices of the Court. See Groff v. America Online, Inc., 1998 R.I. Super. LEXIS 46 (1998).

and there has been no showing by WorldPay to the contrary, this Court should find the forum selection clause in the Agreement between Pitko and WorldPay both reasonable and enforceable and, consequently, remand this Action to the Superior Court of Rhode Island.

Plaintiffs,
By their Attorney:

/s/ Mark A. Fay
Mark A. Fay (Bar #4208)
Murphy & Fay, LLP
127 Dorrance Street
Providence, RI 02903
401-490-3200
401-490-3207 (fax)
mark@murphyandfay.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 25th day of October, 2006, I filed this document electronically and that it is available for viewing and downloading from the ECF system. This document was served by electronic mail upon:

William M. Dolan III (Bar #4524)
Brian J. Lamoureux (Bar #6211)
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903

/s/ Mark A. Fay
Mark A. Fay