this Agreement or the length of time applicable Law or Card Association Rules and Procedures impose such liability upon any party to this Agreement. The Merchant shall have no rights to such funds (which shall be held in a non-interest bearing non-segregated account) until all of its obligations under this Agreement are satisfied and WorldPay and the Bank may receive out of such funds those amounts which are or to become due to WorldPay and the Bank pursuant to this Agreement. In addition, WorldPay and the Bank may, in accordance with the Card Association Rules and Procedures, list a terminated Merchant in the VISA/MasterCard Combined Terminated Merchant File (*"CTMF"*), a/k/a/ Member Alert to Control High Risk Merchants (*"Match"*) report and the Merchant agrees that WorldPay and the Bank may so list the Merchant without any liability of any type or kind on the part of WorldPay and the Bank to the Merchant. **The Merchant acknowledges and agrees that being so listed may affect the ability of the Merchant to obtain Card processing in the future.** The Merchant agrees to indemnify WorldPay and the Bank (pursuant to the provisions of this Agreement) and the Card Associations from any and all claims which the Merchant or any other person may have as a result of the Merchant or its principals having been placed on any such list.

*Section 9.2.* *Employee Fraud*. The Merchant shall be solely responsible for losses and expenses incurred by the Merchant and/or WorldPay and the Bank as a result of or arising in connection with fraud, gross negligence, or willful misconduct on the part of any one or more of the Merchant's employees or agents.

*Section 9.3.* *Merchant Monitoring*. WorldPay or the Bank may if either of them so elects, monitor Merchant's Card Transactions for risk management purposes. If, compared to information contained in the application, such as volume (measured on a monthly basis), average ticket size, number of transactions, actual activity differs, or WorldPay or the Bank notices other unusual or suspicious activity, WorldPay and the Bank are authorized to take protective actions including closing terminals, blocking Transactions, holding funds (including, or charging additional discount and fees as a reserve), and investigating these matters; *provided, however,* neither WorldPay nor the Bank shall have any obligation to conduct or engage in such monitoring and the failure to warn the Merchant of the foregoing activity shall not be a waiver by either WorldPay or the Bank nor prevent either of them taking the action set forth in this Section at a later date or taking other action deemed necessary by WorldPay or the Bank to protect their interests. Merchant agrees to hold WorldPay and the Bank and their affiliates harmless from and against any and all claims related to risk monitoring if WorldPay and the Bank elect to undertake such monitoring.

SECTION X

GOVERNING LAW AND VENUE

*Section 10.1.* *Governing Law*. This Agreement shall be governed by and construed in accordance with the internal laws of the State of Rhode Island, exclusive of conflicts of law provisions.

***Section 10.2. Rhode Island; Jurisdiction and Venue.*** **Any action brought by WorldPay or the Bank against the Merchant or by the Merchant against WorldPay or the Bank shall be brought exclusively in the state or federal courts in Providence County, Rhode Island and the Merchant and all individuals executing this Agreement in any capacity hereby consent to personal jurisdiction in Rhode Island, venue in Rhode Island, and the jurisdiction of the state or federal courts in Providence County, Rhode Island with respect to any and all disputes of any type or kind between either WorldPay or the Bank and the Merchant or arising under or relating to this Agreement.**

***SECTION 10.3.*** ***WAIVER.*** **ALL PARTIES TO THIS AGREEMENT HEREBY WAIVE TRIAL BY JURY.**