**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PITKO, INC., *Plaintiff,* v. WORLDPAY, LTD. and WORLDPAY, INC., *Defendants.* | ) | C.A. No. 06-438 T |

**DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Defendants WorldPay, Ltd. and WorldPay, Inc. ("WorldPay"), by their undersigned counsel, hereby object to Plaintiff's Motion to Remand (Docket No. 5). In support of this objection, WorldPay relies upon the Memorandum of Law filed simultaneously herewith.

Pursuant to LR Cv 7(e), WorldPay does not request oral argument with regard to Plaintiff's Motion to Remand.

November 1, 2006

**WORLDPAY, LTD. and**
**WORLDPAY, INC.**

By their Attorneys,

/s/ Brian J. Lamoureux
William M. Dolan III (#4524)
wdolan@brownrudnick.com
Brian J. Lamoureux (#6211)
bjl@brownrudnick.com
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401 276 2600
401 276 2601 Facsimile

**CERTIFICATION**

I hereby certify that on November 1, 2006 I caused this document to be filed electronically and it is available for viewing and downloading from the ECF system. I also hereby certify that on the above date I caused this document to be sent via first class mail, postage prepaid, to:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
2nd Floor
Providence, RI 02902

Mark A. Cunningham, Esq.
Conrad Meyer, Esq.
Jones, Walker, Waechter, Poitevent,
Carrere, & Denegre, LLP
201 St. Charles Avenue
New Orleans, LA 70170-5100

/s/ Brian J. Lamoureux
Brian J. Lamoureux

# 50224885 v1 - LAMOURBJ - 026357/0001

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| PITKO, INC., | ) | |
| *Plaintiff,* | ) | |
| v. | ) | C.A. No. 06-438 T |
| WORLDPAY, LTD. and WORLDPAY, INC., | ) | |
| *Defendants.* | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO REMAND**

Defendants WorldPay, Ltd. and WorldPay, Inc. ("WorldPay"), by their undersigned counsel, hereby submit this Memorandum of Law in support of their Objection to Plaintiff's Motion to Remand (Docket No. 5). Plaintiff's Motion to Remand should be denied and this case should remain in this Court.

## I. INTRODUCTION

The only issue before the Court is whether WorldPay properly removed Plaintiff's complaint from state court to this Court on October 4, 2006. Although Plaintiff concedes that WorldPay's removal was timely and procedurally proper, Plaintiff claims that a forum selection clause in the parties' contract <u>requires</u> this case to be litigated in state court. Plaintiff is wrong.

It is undisputed that the parties' contract contains the following forum selection clause:

> *Section 10.2 Rhode Island; Jurisdiction and Venue.* Any action brought by WorldPay or the Bank against the Merchant or by the Merchant against WorldPay or the Bank shall be brought exclusively in the state <u>or</u> federal courts in Providence County, Rhode Island and the Merchant and all individuals executing this Agreement in any capacity hereby consent to personal jurisdiction in Rhode Island, venue in Rhode Island, and the jurisdiction of the state <u>or</u> federal courts in Providence County, Rhode Island with respect to any and all

> disputes of any type or kind between either WorldPay or the Bank and the Merchant or arising under or relating to this Agreement. (emphasis added)

The parties agreed that "exclusive" venue and jurisdiction for their disputes resided in the state <u>or</u> federal courts in Providence County, Rhode Island. Although Plaintiff goes to great lengths to justify the reasonableness and enforceability of this forum selection clause, the effort is unnecessary. WorldPay agrees that the clause is enforceable and reasonable. The key issue, however, is whether this clause <u>waives</u> WorldPay's right to remove this case to this Court. As a matter of law, it does not.

WorldPay never waived the right to remove this case from state court. The parties' contract makes clear that each party consented to venue and jurisdiction in the "state <u>or</u> federal" courts in Providence County, Rhode Island. Nothing in the parties' contract even remotely suggests that WorldPay waived its right to remove this case from state court, or that <u>only</u> state courts had exclusive jurisdiction over this case.

## II. ARGUMENT

**WorldPay Did Not Waive The Right To Remove This Case To This Court.**

The right to remove a case from state court to federal court is a statutory right. 28 U.S.C. § 1441; *Titan Finishes Corp. v. Spectrum Sales Group*, 2006 U.S. Dist. LEXIS 56610, *3 (E.D. Mich. 2006). A party may waive this right only if such waiver is "clear and unequivocal." *Basu v. Robson Woese, Inc.*, 2003 U.S. Dist. LEXIS 6905 (M.D. N.C. 2003) (dispositive issue was whether defendant "clearly and unequivocally waived its right to remove" by limiting jurisdiction and venue to "state or federal" court within the same geographical region). A forum selection clause that allows jurisdiction in either a state <u>or</u> federal court does not constitute a waiver of the right to remove a case to federal court. *Proyecfin de Venezuela S.A. v. Banco*

*Industrial de Venezuela S.A.*, 760 F.2d 390, 397 (2nd Cir. 1985). A party's limiting of its right to remove a case to a particular federal court (e.g. in Providence, Rhode Island) does not operate as a waiver of the right to remove. *Basu, supra*; *see also Newman/Haas Racing v. Unelko Corp.*, 813 F.Supp. 1345 (N.D. Ill. 1993).

*Newman/Haas* is instructive. In that case, the parties' forum selection clause provided that the parties consented to "venue and jurisdiction of the Federal and State courts located in Lake and/or Cook County, Illinois." *Newman/Haas*, 813 F.Supp. at 1347. The plaintiff challenged the defendant's removal by claiming that this provision entitled plaintiff to decide where the parties' dispute would be litigated because it filed its lawsuit first. *Id.* The plaintiff also claimed that allowing the defendant to remove the case would act as an impermissible veto over plaintiff's alleged "right" to select the forum by filing first. *Id.* The District Court rejected each of these arguments, holding that:

> Where the contract provides that the parties consent to the jurisdiction of state or federal court within a particular geographic region, the agreement does not constitute a waiver of a defendant's right to remove.

*Id.*

A legion of other courts addressing this issue and construing similar forum selection clauses has reached the same result as the *Newman/Haas* court. *See Basu, supra* (no waiver; "any suit shall be filed in the North Carolina General Court of Justice in Durham County or in the United States District Court for the Middle District of North Carolina..."); *Links Design, Inc. v. Lahr*, 731 F.Supp. 1535, 1536 (M.D. Fla. 1990) (no waiver; "the proper venue for said action shall be Polk County, Florida"); *Beissbarth USA, Inc. v. KW Products, Inc,* 2005 U.S. Dist. LEXIS 1329, *5 (N.D. Ill., Jan. 3, 2005) (no waiver; defendants "irrevocably submit[ted] to the jurisdiction of the United States District Court for the Northern District of Illinois, Eastern

Division, or the Illinois State Court in Cook County"); *City of New York v. Pullman, Inc.*, 477 F.Supp. 438, 440 (S.D.N.Y. 1979) (no waiver; defendant agreed that "only the New York courts shall have jurisdiction...[and] to submit any controversies or problems arising out of this contract to the New York courts and the New York courts only"); *Titan Finishes Corp., supra* (no waiver; defendant acknowledged that "the State of Michigan, United States of America has jurisdiction over [defendant] to settle and compromise any claim or dispute...and that venue shall be proper in the Wayne County Circuit Court, State of Michigan"); *Oberweis Dairy, Inc. v. Maplehurst Farms, Inc.*, 1989 WL 2078, * 2 (N.D. Ill. 1989) (no waiver; "each party may institute any action against the other...in any state or federal court of general jurisdiction in the State of Illinois and each party irrevocably submits to the jurisdiction of such courts..."); *Provident Bank v. Beck*, 952 F.Supp. 539, 540 (S.D. Ohio 1996) (no waiver; defendant signed guaranty designating "all courts of record sitting in Cincinnati, Ohio and having jurisdiction over the subject matter, state and federal, as forums"); *Lycos, Inc. v. Internet Venture Works, Inc.*, 2003 U.S. Dist. LEXIS 5401, *1 (D. Mass., March 31, 2003) (no waiver; "venue is proper in any state or federal court in the Commonwealth of Massachusetts"). As made plain by the foregoing, where a forum selection clause provides that suit may be brought in state or federal court, a defendant's right to remove the case to federal court is preserved, and not waived.

Plaintiff's citation of a single case to support its argument that the forum selection clause prevents WorldPay from removing this case, *Koninklijke Philips Electronics, Inc. v. Digital Works, Inc.*, 358 F.Supp.2d 328 (S.D.N.Y. 2005), is completely unavailing as the decision actually supports WorldPay's removal. In *Koninklijke*, the parties' forum selection clause provided that:

> Any disputes between the parties hereto in connection with this Agreement (including any question regarding its existence, validity or

> termination) shall be submitted to any state or federal courts in The State of New York, provided always that, in case [Koninklijke] is the plaintiff, [Koninklijke] may at its sole discretion submit any such dispute either to the state or federal courts in the venue of [Defendant's] registered office, or to any of the state or federal courts in the Territory having jurisdiction. [Defendant] hereby irrevocably waives any objection to the jurisdiction, process and venue of any such court...

*Koninklijke*, 358 F.Supp.2d at 330 (emphasis added).

In *Koninklijke*, the District Court found that the defendant waived its right to remove that case to federal court for two reasons. First, the forum selection clause exclusively and unambiguously vested Koninklijke with the "sole discretion" to choose to file its complaint in state or federal court. *Id.* (emphasis added) Indeed, the District Court found that the defendant "surrendered its right to seek removal by acceptance of the forum selection clause...that afforded [Koninklijke] the option of selecting the forum to litigate this dispute." *Id.* at 335. Second, the District Court noted that, pursuant to the parties' forum selection clause, the defendant "irrevocably waived" any objection to the jurisdiction or venue selected by Koninklijke. *Id.* at 332. Consequently, the court held that the defendant had clearly and unequivocally waived its right to remove. *Id.*

Here, the parties' forum selection clause is markedly different from that in *Koninklijke* because it does not vest Plaintiff with the "sole discretion" to choose where to bring this action. In addition, WorldPay did not "irrevocably waive" its objection to Plaintiff's choice of forum as the defendant in *Koninklijke* did. *Koninklijke* supports WorldPay's position because it makes plain that only clear and unequivocal language such as that found in *Koninklijke* will be sufficient to work a waiver. No such language is even remotely present here.

## III. CONCLUSION

For the foregoing reasons, Plaintiff's Motion to Remand should be denied.

November 1, 2006

**WORLDPAY, LTD. and**
**WORLDPAY, INC.**

By their Attorneys,

/s/ Brian J. Lamoureux
William M. Dolan III (#4524)
wdolan@brownrudnick.com
Brian J. Lamoureux (#6211)
bjl@brownrudnick.com
Brown Rudnick Berlack Israels LLP
121 South Main Street
Providence, RI 02903
401 276 2600
401 276 2601 Facsimile

## CERTIFICATION

I hereby certify that on November 1, 2006 I caused this document to be filed electronically and it is available for viewing and downloading from the ECF system. I also hereby certify that on the above date I caused this document to be sent via first class mail, postage prepaid, to:

Mark A. Fay, Esq.
Murphy & Fay, LLP
127 Dorrance Street
2nd Floor
Providence, RI 02902

Mark A. Cunningham, Esq.
Conrad Meyer, Esq.
Jones, Walker, Waechter, Poitevent,
Carrere, & Denegre, LLP
201 St. Charles Avenue
New Orleans, LA 70170-5100

/s/ Brian J. Lamoureux
Brian J. Lamoureux

# 50224891 v1 - LAMOURBJ - 026357/0001